UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kawahn Strachn

_____

_____

Write the full name of each plaintiff.

-against-

City of New York; Officer Gomez, Lieutenant Edmonds
and Officer Frias Railyng Shield No. 30952

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

**19** CV **10212-JPO**
_____
(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**

Do you want a jury trial?
☑ Yes    ☐ No

SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/19

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?
42 USC 1981; 42 USC 1983; 42 USC 1985
_____
4th Amendment
_____
5th Amendment
_____
6. 6th Amendment
_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
                       (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| Kawahn | L | Strachn |
|---|---|---|
| First Name | Middle Initial | Last Name |

85-15 101st

Street Address

| Ozone Park; Queens County | New York | 11416 |
|---|---|---|
| County, City | State | Zip Code |

| 929-888-2501 | kawahnstrachn30@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

Officer      Gomez

First Name      Last Name

NYPD Transit Officer

Current Job Title (or other identifying information)

NYPD Transic Bureau District 11; 161 Street Station & River Avenue

Current Work Address (or other address where defendant may be served)

Bronx      NY      10451

County, City      State      Zip Code

Defendant 2:

Frias      Railying

First Name      Last Name

NYPD Transit Officer

Current Job Title (or other identifying information)

NYPD Transit Bureau District 11; 161 Street Station & River Avenue

Current Work Address (or other address where defendant may be served)

Bronx      NY      10451

County, City      State      Zip Code

Defendant 3:

Liutenant      Edmonds

First Name      Last Name

Lieutenant

Current Job Title (or other identifying information)

NYPD Transit Bureau District 11; 161 Street Station & River Avenue

Current Work Address (or other address where defendant may be served)

Bronx      NY      10451

County, City      State      Zip Code

Defendant 4:    City of New York
_____
First Name                    Last Name
New York City Law Department
_____
Current Job Title (or other identifying information)
100 Church Street
_____
Current Work Address (or other address where defendant may be served)
New York, New York 10007
_____
County, City                State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:    River Avenue &167th Street Bronx, NY
_____

Date(s) of occurrence:    November 1, 2016
_____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

Please see attached.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Physical harm; emotional trauma; emotional distress

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

Punitive damages, compensatory damages and any damages that the court sees just and proper.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

11/21/19
Dated

Kawahn
First Name

L
Middle Initial

85-15  101 st
Street Address

ozone Park
County, City

NY
State

(929) 888 -2501
Telephone Number

Kawahn Stachu
Plaintiff's Signature

Stachu
Last Name

11416
Zip Code

Kawahnstrachn 30gmail.com
Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Mr. Kawahn L. Strachn, (Pro Se Plaintiff)[1]

1. On or around November 1st, 2016, Plaintiff Kawahn L. Strachn ("Plaintiff"), was swiping into the number 4 train station on River Avenue and 167th Street in the Bronx.

2. After swiping himself in, Plaintiff saw Police Officer Gomez ("Gomez") and his Superior Officer, Lieutenant Edmonds of the New York City Police Department (NYPD) on the platform. Gomez is an officer with which Plaintiff had a prior interaction with. Upon information and belief, Gomez has arrested Plaintiff in the past and recognized him immediately.

3. Upon seeing Gomez, Plaintiff told Gomez that he "will see him at the next court date," referencing a prior incident that Plaintiff was in court for.

4. Plaintiff then walked past Gomez and Edmonds and went up the stairs to wait on another train platform. Gomez then called Plaintiff to walk down the stairs. Plaintiff complied with Gomez's orders calmly and peacefully.

5. Gomez then proceeded to violently twist Plaintiff's arm behind his back and yelled at Plaintiff stating: "What is the matter with you!" Plaintiff remained silent through this violent interaction. Edmonds then ordered Gomez to let Plaintiff go. Gomez released Plaintiff's arm but proceeded to handcuff Plaintiff and put him into the back of the police car, effectively arresting Plaintiff who was no longer free to leave. No Miranda rights were read to Plaintiff at any time during this incident.

6. Upon information and belief, Gomez and Edmonds did not have probable cause to arrest Plaintiff and gave Plaintiff no explanation for this arrest prior to placing handcuffs on him and putting him in the back of their police car. No Miranda rights were read to Plaintiff at any time throughout the arrest or the ride in the police car.

7. Gomez and Edmonds brought Plaintiff to 161st Station Transit Division Headquarters (?) where he was booked, searched, photographed and fingerprinted. No Miranda rights were read to him at any point after arriving at the station or while being booked and processed by Defendant Officer Frias Railyng (Railyng).

8. At this point, Plaintiff was told that he was being arrested for violating NYPL 240.20(2) Disorderly Conduct. No Miranda rights were read to Plaintiff up to and including during this event. There was no mention of a warrant or any other information, despite Plaintiff's repeated request for details of this arrest.

---

[1] This document was prepared with the assistance of the NYLAG Legal Clinic for Pro Se Litigants.

9. Plaintiff waited in a holding cell for over four hours before anyone spoke to him again. Plaintiff was not given a lawyer nor did he see a judge during this time.

10. Plaintiff was then taken out of holding by Railyng. Plaintiff was then handcuffed, shackled and brought to 100 Center Street Criminal Court in Manhattan. Once again, no Miranda rights were read to Plaintiff at any point during his four hours in the holding cell, while being re-hand-cuffed and shackled, or while being brought to the criminal court in Manhattan.

11. At no point, did anyone tell Plaintiff what was going on or why he was being moved. Plaintiff was not allowed to speak to an attorney before being moved.

12. When brought to criminal court, Plaintiff saw a judge who asked him if he had done the community service ordered for a prior criminal plea of an ACD with one day of community service. Plaintiff responded that he had finished the community service as required. The judge then asked Plaintiff to bring proof of completion to the court clerk the next day.

13. As requested, Plaintiff came to the court clerk's office in Manhattan criminal court the next day with a certificate of completion for his required community service. The Clerk then handed Plaintiff paperwork that stated the November 1st arrest for Disorderly Conduct was dismissed because the People declined to prosecute the matter due to insufficient evidence to support the charges.

14. Once again, there was no mention of a warrant or any paperwork associated with the charge and no mention of a warrant in Gomez's report. The Affidavit in Support of Declining Prosecution further does not state that there was ever a warrant for Plaintiff or that the reason for Gomez's arrest had anything to do with a warrant otherwise, only that Gomez arrested Plaintiff for the minor incident at the 167th Street train station.

15. Plaintiff suffered physical harm from the forceful arrest at the 167th Street train station by Defendant Gomez. In addition, because of the actions of all Defendants, Plaintiff suffers from emotional trauma, a fear of police officers and emotional distress from the stress of being under arrest unlawfully.