UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---

KAWAHN STRACHN,
                        Plaintiff,

-v-

CITY OF NEW YORK *et al.*,
                        Defendants.

19-CV-10212 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Kawahn Strachn brings this *pro se* action, alleging that in the course of his arrest and hours-long detention, Defendants City of New York and City of New York Police Department ("NYPD") Officer Railyng Frias violated his constitutional and statutory rights. The City of New York and Frias move to dismiss Strachn's Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the unopposed motion is granted.

**I.    Background**

The following facts are taken from the operative complaint (Dkt. No. 7 ("Compl.")) and are assumed true for purposes of this motion to dismiss.

On November 1, 2016, Strachn encountered NYPD Officer Gomez as Strachn was entering a subway station in the Bronx. (Compl. ¶¶ 1–2.) Gomez, who is named as a defendant but has not yet been served (*see* Dkt. No. 22), recognized Strachn from a previous meeting during which Gomez had arrested Strachn. (Compl. ¶ 2.) Strachn alleges that Gomez unilaterally instigated a "violent interaction," culminating in Gomez arresting Strachn while another as-of-yet-unserved defendant, NYPD Lieutenant Edmonds, looked on. (Compl. ¶ 5.) Strachn was thereafter brought to the "161st Station Transit Division Headquarters," where he

was "booked and processed" by NYPD Officer Frias.  (Compl. ¶ 7.)  Eventually, Strachn was transferred to the state criminal court at 100 Centre Street in Manhattan.  (Compl. ¶ 10.)  At no stage was he read his Miranda rights.  (Compl. ¶¶ 5–10)

Strachn filed suit on November 1, 2019 (Dkt. No. 1), and filed the operative amended complaint on November 21, 2019 (Compl.).  Defendants City of New York and Frias ("Moving Defendants") filed the present motion to dismiss on February 24, 2020.  (Dkt. No. 20.)  On July 30, 2020, the Court *sua sponte* extended Strachn's time to oppose the motion to dismiss to August 20, 2020, and warned him that failure to oppose the motion by that date would result in the Court considering the motion unopposed.  (Dkt. No. 21.)  To date, Strachn has not filed an opposition to the motion to dismiss.

## II. Legal Standard

"[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000).  Accordingly, "the plaintiff's failure to respond to a Rule 12(b)(6) motion does not [itself] warrant dismissal," and the district court must determine whether dismissal of the complaint is appropriate on the merits. *Id.* at 323.

Dismissal under Rule 12(b)(6) is proper when a complaint lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "In deciding an unopposed motion to dismiss, a court is to assume the truth of a pleading's factual allegations and test only its legal sufficiency."  *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (alteration and internal quotation marks omitted) (quoting *McCall*, 232 F.3d at 322);  *see Blanc v. Capital One Bank*, No. 13 Civ. 7209, 2015 WL 3919409, at *2–3 (S.D.N.Y. June 24, 2015).  "A

document filed *pro se*," like the complaint here, "is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (Sotomayor, J.) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Nonetheless, even a *pro se* complaint must contain "factual allegations sufficient to raise a right to relief above the speculative level," including "an allegation regarding [each] element necessary to obtain relief." *Blanc*, 2015 WL 3919409, at *2 (internal quotation marks and citations omitted).

### III.   Discussion

The Court first addresses Strachn's constitutional claims, which he brings pursuant to 42 U.S.C. § 1983, before turning to his statutory claims.

#### A.   Constitutional Claims

##### 1.   Claims Against the City of New York

Strachn's allegations against the City of New York do not state a cognizable § 1983 claim for municipal liability. To establish municipal liability under § 1983, a plaintiff must prove: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (internal quotation marks and citation omitted). To allege an official policy or custom in satisfaction of the first element, a plaintiff must plead facts supporting a plausible inference that the constitutional violation "took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality." *Missel v. Cnty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009).

Here, Strachn makes no allegations that any of the individual defendants were acting pursuant to City policy or custom, nor that any such policy or custom exists. Accordingly, his allegations against the City fail to state a claim under § 1983.

### 2. Claims Against Officer Railyng Frias

The Amended Complaint fails to state a constitutional claim against Officer Frias because it does not plead his personal involvement in any of the conduct allegedly amounting to a constitutional violation. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009) (internal quotation marks and citation omitted). To plead personal involvement and survive a motion to dismiss, a plaintiff must plausibly allege that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the defendant] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citation omitted). Here, the gravamen of Strachn's suit is that his arrest by Officer Gomez was effected vindictively and without probable cause, in violation of the Constitution. But Frias had no alleged role in the arrest itself, nor has Strachn alleged that Frias possessed knowledge of the circumstances giving rise to the arrest. Indeed, Strachn's only allegation involving Frias states that he processed and booked Strachn at the precinct. (*See* Compl. ¶ 7.) The Court knows of no precedent establishing that a police officer without knowledge of an arrestee's putatively unlawful treatment participates in a

4

constitutional violation by processing and booking the arrestee. The complaint fails to allege Frias's personal involvement in a constitutional violation, whether in relation to the arrest itself or in relation to Frias's discrete role in processing and booking Strachn. The constitutional claims against Frias must be dismissed.

### B.     Statutory Claims

Strachn's Amended Complaint also invokes 42 U.S.C. § 1981 and § 1985, which prohibit the state from inflicting racially discriminatory punishments, pains, and penalties and prohibit persons from conspiring to interfere with civil rights. These statutory claims fail for the same reasons Strachn's constitutional claims fail: The complaint does not allege a municipal policy or custom, a prerequisite for § 1981 and § 1985 municipal liability, *see Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989) (holding that § 1981 rights must be availed through the "exclusive federal remedy" provided by § 1983); *Zherka v. City of New York*, 459 F. App'x 10, 12 (2d Cir. 2012) (citing *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979)); *see also Duplan v. City of New York*, 888 F.3d 612, 619–20 (2d Cir. 2018) (affirming the continued vitality of *Jett*), and does not allege Officer Frias's personal involvement in a violation or conspiracy to violate Strachn's rights. The statutory claims against Moving Defendants are dismissed.

### C.     Leave to Amend

"Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000)). "[T]he court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted). But leave should be denied if repleading would be "futile." *Id.*

Strachn is granted leave to amend his complaint. He is directed to file an amended complaint within sixty days of the date of this Opinion and Order that addresses the problems identified above. Any new amended complaint will replace, not supplement, the complaint currently before the Court. It therefore must contain all of the claims and factual allegations Strachn wishes the Court to consider, including the specific actions or omissions of each Defendant that allegedly violated his constitutional rights. If Strachn fails to abide by the sixty-day deadline, this action will be dismissed with prejudice as to the Moving Defendants.

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street).

**IV.   Conclusion**

For the foregoing reasons, Moving Defendants' motion to dismiss is GRANTED.

Plaintiff is granted leave to amend, provided that he does so within sixty days of the date of this Opinion and Order. If no amended complaint is filed by that date, this action will be dismissed with prejudice as to Moving Defendants.

The Clerk of Court is directed to close the motion at Docket Number 18.

SO ORDERED.

Dated: October 26, 2020
       New York, New York

                                                                                           _____
                                                                                                       J. PAUL OETKEN
                                                                                              United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*